UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH W. GIBBS, | ) |
| Petitioner, | ) ) ) |
| | ) Case No. 1:15-cv-00508-TWP-DKL |
| vs. | ) ) |
| WENDY KNIGHT, | ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Kenneth W. Gibbs for a writ of habeas corpus challenges a prison disciplinary proceeding, CIC 15-01-0252, in which he was found guilty of unauthorized possession of property. For the reasons explained in this entry, Mr. Gibbs' habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

In January 2015, Mr. Gibbs was a prisoner at the Correctional Industrial Facility ("CIF") within the Indiana Department of Correction ("IDOC"). On January 23, 2015, Lieutenant St. John wrote a Report of Conduct in case CIC 15-01-0252, charging Mr. Gibbs with offense B-215, unauthorized possession of property. The conduct report states:

> On 1/23/15 at approximately 11:00 am, I, Lt. St. John noticed that Offender Gibbs, Kenneth (DOC 30344, Bed Location IWO-1), had an excessive amount of commissary. Upon review of his records, Offender Gibbs came to this facility on 10/ 22/14 with little to no commissary and his account transaction history shows no expenditures for commissary since he has been here. Because Offender Gibbs has had no transactions purchasing commissary, this constitutes a class B, code 215 "Unauthorized Possession."

Dkt. 11-1.

Lieutenant St. John confiscated the property and completed a confiscation slip listing an assortment of food items.

On February 2, 2015, Mr. Gibbs was notified of the charge of unauthorized possession of property and served with a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." Mr. Gibbs was notified of his rights, pleaded not guilty, and elected not to request a lay advocate. He requested video surveillance evidence and indicated that he would provide his trust account transaction history from the Indiana State Prison. Dkt. 11-3. Mr. Gibbs also requested witness statements from Sergeant Seal and Officer Jordan in response to his specific questions: he asked Sergeant Seal whether Seal had inventoried Gibbs's property and commissary on January 22, 2015, and put it into his property box?; and he asked Officer Jordan if Jordan knew whether Lieutenant St. John had confiscated food commissary from Gibbs's room? *Id.*

On February 6, 2015, one of the members of the disciplinary hearing board, Officer Richard Sidwell, reviewed the surveillance video. Officer Sidwell determined that allowing Mr. Gibbs to view the surveillance video would jeopardize the safety and security of the facility. Dkt. 11-6. Officer Sidwell provided the following summary of the video: "I watched the video from 9:00 am to 11:30 am. The Inventory was not done in A&O. Lt. St. John did come in at 11:23 am and had Offender Gibbs, Kenneth #30344 sign the confiscation sheet. Case # CIC 15-01-0252." *Id.*

Sergeant Seal provided the following statement in response to Mr. Gibbs's question: "Inventoried all the property that Offender Maxie # 932976 told me Sgt. Seal belonged to Offender Gibbs # 30344." Dkt. 11-7. Mr. Gibbs's request for a statement from Officer Jordan was denied as redundant. Dkt. 11-3.

On February 10, 2015, Disciplinary Hearing Officer ("Hearing Officer") Charlie Fox held a disciplinary hearing in case CIC 15-01-0252. After pleading not guilty and asserting that the hearing was untimely, Mr. Gibbs provided the following statement: "I came in from Michigan City with this. My property was inventoried. I came into the IWO and they confiscated this. Where was it confiscated[?] It doesn't say. I don't give you no [sic] problems." Dkt. 11-5.

Hearing Officer Fox found Mr. Gibbs guilty based on the staff reports, a printout of Mr. Gibbs's trust account transaction history, the lists of property with which Mr. Gibbs came to CIF, the confiscation slip, the video summary, and commissary. Hearing Officer Fox reasoned that because the conduct report stated Mr. Gibbs came to CIF with little or no commissary, the items confiscated were not all on the list of property that Mr. Gibbs brought to the facility, and the transaction history from Mr. Gibbs's trust account revealed no commissary transactions since he arrived at CIF. Due to Mr. Gibbs's attitude and demeanor during the hearing and the likely

corrective effect of sanctions, Hearing Officer Fox imposed the following sanctions: a written reprimand for Mr. Gibbs not to possess commissary not belonging to him; two weeks' lost phone and commissary privileges; and a suspended 30-day deprivation of good-time credit. Dkt. 11-5. The suspended deprivation of good-time credit was enforced on June 25, 2015. Dkt. 11-16, p. 2.

Mr. Gibbs' administrative appeals were denied. This habeas action followed.

### III. Analysis

Mr. Gibbs alleges that his due process rights were violated during the disciplinary proceeding. Mr. Gibbs' claims are: (1) his request for a witness statement from Officer Jordan was denied without explanation, in violation of the Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101 ("IDOC Policy"); (2) the conduct report did not support the charge because it did not identify the place from which the property was confiscated; (3) the conduct report did not support the charge because it did not state the place at which Mr. Gibbs had the commissary items in his possession; and (4) the disciplinary hearing was not held within the time frame required by IDOC Policy.

Mr. Gibbs' first claim is that he was denied evidence. "[T]he right to present evidence is qualified – prison officials may exclude evidence from an inmate's hearing to ensure institutional safety or correctional goals." *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). "Moreover, prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Id.* In this case, Mr. Gibbs was informed that his request for a statement from Officer Jordan was denied because it was redundant. Dkt. 11-3. His request was redundant because Sgt. Seal provided a statement that he had inventoried the property. Dkt. 11-7. The question posed to Officer Jordan was whether he knew if Lt. St. John confiscated food commissary from his cell. Dkt. 11-3. The conduct report and Notice of Confiscated Property

were signed by Lt. St. John. Dkt. 11-1, dkt. 11-2. It appears that any knowledge or lack thereof on the part of Officer Jordan would be irrelevant. Moreover, even if Mr. Gibbs should have been allowed to obtain a statement from Officer Jordan, he has shown no prejudice from the denial. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir.2011) (absent prejudice, any alleged due process error is harmless error). The denial of Mr. Gibbs' request for a statement from Officer Jordan did not violate his due process rights.

Mr. Gibbs also argues that the denial of his witness request violated IDOC Policy. However, any claim based on IDOC Policy is a state court matter and not viable in this federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

In his next two claims, Mr. Gibbs argues that the conduct report did not support the charge because it did not identify the place from which the property was confiscated or the place where Mr. Gibbs possessed the property. These claims could be construed as challenges to the sufficiency of the evidence or to the notice provided. The Court will discuss both possibilities.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v.*

*McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. 445, 455-56 (1985). Mr. Gibbs was found guilty of unauthorized possession of property. The conduct report set forth the facts upon which the charge was based, an allegation that Mr. Gibbs had an "excessive amount of commissary." Dkt. 11-1. The conduct report further stated that a review of his records revealed that Mr. Gibbs came to CIF with little to no commissary and his trust fund transactions showed no purchases of commissary since he had arrived at CIF. *Id.* Specific items that were confiscated but not listed on the inventory when he arrived at CIF included mac and cheese, cupcakes, bags of chips, Tide, cans of soda, refried beans, rice, tuna, popcorn, oatmeal packets, drink mix, creamer, and packages of meats. Dkt. 11-2, dkt. 11-9. The conduct report and the other inventory and trust account reports reviewed by the Disciplinary Hearing Officer constituted sufficient evidence to support the charge.

With respect to the "notice" issue, a prisoner has a right to notice of the charges against him "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citing *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995)). "The notice requirement permits the accused to gather the relevant facts and prepare a defense." *Id.*

The B-215 charge prohibits "[u]nauthorized possession … of state property or property belonging to another." Dkt. 11-18, p. 5. Mr. Gibbs argues that the conduct report should have informed him of the place from which the property was confiscated or the place at which he actually possessed the property. The charge of possession of unauthorized property, however, did not depend on the location of the confiscation or whether Mr. Gibbs actually possessed the

property at the time. Indeed, Mr. Gibbs was able to defend the charge, asserting that he had brought the property with him from the Indiana State Prison. Dkt. 11-5. Unfortunately, the inventory reports did not support his defense. The conduct report provided adequate notice of the relevant facts and permitted Mr. Gibbs to prepare his defense.

For his final claim, Mr. Gibbs argues that the hearing was not held within the time frame required by IDOC Policy. This claim is again based on prison regulations, and as such it is not cognizable in this action. Moreover, for purposes of due process, Mr. Gibbs was entitled to have at least 24 hours' notice before his hearing was conducted. The conduct report was issued on January 23, 2015, he was given notice of the charge on February 2, 2015, and the hearing was conducted on February 10, 2015. The short delay in holding the hearing did not violate Mr. Gibbs' due process rights.

Mr. Gibbs was given notice and had an opportunity to defend the charge. The Disciplinary Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. Moreover, there was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Gibbs' due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Gibbs' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/24/2016

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kenneth W. Gibbs, #30344, Correctional Industrial Facility, Inmate Mail/Parcels, 5421 West Reformatory Road, Pendleton, IN 46064

Electronically registered counsel